UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-24373-BLOOM/Louis

JOEL GOLDMACHER,

    Plaintiff,

v.

C. R. BARD, INC., and BARD
PERIPHERAL VASCULAR, INC.,

    Defendants.

_____/

## ORDER ON MOTION TO TRANSFER

**THIS CAUSE** is before the Court upon Defendants' Motion to Transfer This Action to the Fort Lauderdale Division of the Southern District of Florida, ECF No. [10] ("Motion"). In the Motion, Defendants ask the court to transfer venue within the Southern District of Florida from the Miami Division to the Fort Lauderdale Division pursuant to Local Rule 3.1 and 28 U.S.C. § 1406(a). *Id.* In support of their position, Defendants argue that although this case was originally filed in the Miami Division, transfer to the Fort Lauderdale Division is in the interest of justice because the case originated in Broward County and the issues in this case concern events that occurred in Hollywood. *Id.* at 2-3. Plaintiff, however, opposes this transfer request.

Section 1406(a) states that a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Additionally, subject to the Court's discretion, any action may be transferred from the division in which it is currently pending to any other division within the same district. 28 U.S.C. § 1404(b). Local Rule 3.1 provides that, while actions generally shall be tried in their county of origin, "any civil or

criminal proceeding or trial may, upon Order of Court and in the interest of justice, the status of the docket, or to assure compliance with requirements imposed under the Speedy Trial Act, be conducted at any jury division within the District." S.D. Fla. L. R. 3.1.

Courts within this district are also bound by the Internal Operating Procedures ("IOP") for the Southern District of Florida that regulate the method by which cases are assigned to the district court judges. *See Merideth v. Carnival Corp.*, No. 13-CIV-23931, 2014 WL 4748484, at *1 (S.D. Fla. Sept. 9, 2014). Specifically, IOP 2.01.01 governs the assignment of actions within this district:

> (a) All civil and criminal cases, including those within a weighted category, shall be assigned on a blind random basis so that the District workload is fairly and equally distributed among the active Judges irrespective of jury division; provided that, whenever necessary in the interest of justice and expediency, the Court may modify the assignments made to active or senior Judges.
> . . . .
> (c) The assignment schedule shall be designed to prevent any litigant from choosing the Judge to whom an action or proceeding is to be assigned, and all attorneys shall conscientiously refrain from attempting to vary this Local Rule.
> (d) The District is divided into five (5) Divisions: the Fort Pierce Division (Highlands, Indian River, Martin, Okeechobee and St. Lucie Counties); the West Palm Beach Division (Palm Beach County); the Fort Lauderdale Division (Broward County); the Miami Division (Miami-Dade County); and the Key West Division (Monroe County). Cases are assigned by the Automated Case Assignment System to provide for blind, random assignment of cases and to equitably distribute the District's case load. Each Judge in the District has chambers in one (1) of three (3) Divisions (Miami, Fort Lauderdale or West Palm Beach). A Judge with chambers in one (1) Division may be assigned a case with venue in another Division.

S.D. Fla. IOP 2.01.01.

Although the Court recognizes that this case originates in Broward County and the transactions underlying this suit occurred in Hollywood, Florida, the Court does not see a basis to deviate from the Southern District's case assignment process, especially when this case assignment process ensures the equitable distribution of cases among judges within the Southern District. This "process ensures relatively equal division of labor among judges and ensures that each judge has the resources to devote due attention to the cases before him or her." *Leasing Innovations, Inc. v.*

*Vertical Computer Sys., Inc.*, No. 10-62182-CIV, 2010 WL 11552967, at *1 (S.D. Fla. Dec. 14, 2010). Further, the random distribution of cases is necessary to promote fairness and prevent litigants from choosing the judges to whom their cases get assigned. *See* S.D. Fla. IOP 2.01.01(c). "The drafters [of the IOPs] determined that the improvement in the distribution of the case load and the fairness ensured by the blind random assignment of judges outweighed any inconvenience to the litigants. The circumstances in this case do not alter that calculation." *Leasing Innovations, Inc.*, 2010 WL 11552967, at *1.

Nevertheless, for the purposes of trial, the Court will consider any requests to try this case in the Fort Lauderdale Courthouse at the appropriate time. *See* S.D. Fla. L. R. 3.1 ("any civil or criminal proceeding or trial may . . . be conducted at any jury division within the District"). Likewise, the Court is amenable to the parties seeking leave of court to appear telephonically for any Miami-based hearings held in this case, which diminishes any inconvenience to the parties of having to litigate this action in Miami.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion, **ECF No. [10]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 14, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record