UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-24373-BLOOM/Louis

JOEL GOLDMACHER,

    Plaintiff,

v.

C. R. BARD, INC. and BARD
PERIPHERAL VASCULAR, INC.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendants' Motion to Extend the Deadline to Amend Pleadings, ECF No. [24] ("Motion"), filed on January 13, 2020. The Court ordered Plaintiff's expedited response to the Motion by no later than January 21, 2020, ECF No. [25], but Plaintiff failed to submit any response by this deadline. The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons explained below, Defendants' Motion is granted.

In their Motion, Defendants request that this Court extend the deadline to amend pleadings in this case to allow them sufficient time to conduct discovery in order to specifically identify any non-party *Fabre*[1] defendants to whom fault should be apportioned. On November 14, 2019, the Court entered an Order Setting Trial and Pre-Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge, ECF No. [20] ("Scheduling Order"), which established January 13, 2020, as the deadline for the parties in this case to file any motions to amend pleadings or join parties. Likewise, this Court's Scheduling Order set the deadline to complete all discovery

---

[1] *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993).

on November 17, 2020. In their Motion, Defendants request that the Court extend the deadline to amend pleadings until October 6, 2020, to allow the parties to engage in enough discovery for Defendants to identify any non-parties to whom fault should be allocated, if any.

The Supreme Court of Florida has expressly recognized the right and obligation of a defendant to amend its answer to identify non-parties subject to apportionment: "[I]n order to include a nonparty on the verdict form pursuant to *Fabre*, the defendant must plead as an affirmative defense the negligence of the nonparty and specifically identify the nonparty . . . notice prior to trial is necessary because the assertion that noneconomic damages should be apportioned against a nonparty may affect both the presentation of the case and the trial court's rulings on evidentiary issues." *Nash v. Wells Fargo Guard Serv., Inc.*, 678 So. 2d 1262, 1264 (Fla. 1996).

Further, requests to deviate from a scheduling order require a showing of "good cause." Fed. R. Civ. P. 16(b)(4). "To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence." *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685-86 (11th Cir. 2013). Here, Defendants argue that good cause exists to modify the Scheduling Order because there is still substantial discovery left to be conducted, and this discovery may reveal non-parties who are at fault in this case. Defendants have sought the requested extension for the limited purpose of amending to add *Fabre* defendants. Accordingly, any extension will not disrupt any other deadline in the Court's Scheduling Order, including the November 17, 2020, discovery deadline and the trial date. Additionally, because Defendants raised apportionment as a defense in their original Answer,[2] the requested amendments will not alter the basic issues in this case. Likewise, to the extent that Plaintiff wishes to conduct further discovery after Defendants file any amended pleadings by October 6, 2020, he will have the last month and

---

[2] *See* ECF No. [24] at 2 n.1; ECF No. [3] at 5 (providing the hyperlink to the Case Management Orders and the parties' master pleadings in the underlying multidistrict litigation proceeding).

a half of the discovery period during which to do so. Therefore, the Court finds that Defendants have shown good cause for an extension of the deadline to amend pleadings. As such, the Motion is granted.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion, **ECF No. [24]**, is **GRANTED**. Defendants shall file any amended pleadings specifically identifying any non-party *Fabre* defendants to whom fault should be apportioned in its defenses **by no later than October 6, 2020**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 23, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record